In the Matter of the Claim of ANTHONY GALLAGHER, Respondent, against CAROL CONSTRUCTION COMPANY, INC., Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 25, 1936.

*Tippett & Talley [Dickinson S. Talley of counsel], for the appellants.*

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General, of counsel], for the State Industrial Board, respondent.*

McNAMEE, J. The claimant was injured in his employment, filed a claim for compensation under the Workmen's Compensation Law, and then elected under the statute to bring an action against a third party to recover on the ground of negligence. The action came to trial before the Supreme Court and a jury, and a verdict

in the sum of \$5,000 was rendered in favor of the plaintiff, the claimant here. Upon the defendant's motion to set aside the verdict and for a new trial, the trial judge made an order granting the motion, on the ground that the verdict was excessive, unless the plaintiff would stipulate to reduce the verdict to the sum of \$2,000. That stipulation was made by the claimant, and thereupon judgment for \$2,000 was entered. Neither the employer nor the carrier approved of or consented to the making of the stipulation. Thereafter the claimant continued the prosecution of his claim for deficiency compensation under the Workmen's Compensation Law, and the State Industrial Board, over objection, made an award directing the employer and carrier to pay to the claimant \$2,830.

The employer and carrier resist the award here on the ground that the claimant, by his stipulation, compromised his third party action and destroyed the employer's right to subrogation, within the meaning of section 29 of the law mentioned.

That section provides: "A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only * * * with the written approval of the person, association, corporation, or insurance carrier liable to pay the same."

It is urged by the claimant that his action against the third party was not compromised by him; that the damages were fixed by the court after hearing all the evidence, the same as would have been done had the case been tried before the court without a jury; that the ruling of the court was that the verdict of the jury was excessive, and, therefore, set it aside; and that the claimant was free, under the statute, to accept the amount of damages as found by the court. And claimant also urges that he had the right, before trial, to waive a jury, and that what was done after the trial was the equivalent of such waiver of a jury trial. He insists that the judgment entered was one obtained according to common practice.

The Civil Practice Act (§ 425) provides that an action in which the complaint demands judgment for a sum of money only *must* be tried by a jury, unless a jury trial is waived, or a reference directed. And section 426 provides the manner in which such waiver may be effected by a party, viz., by failure to appear at the trial; by filing a written waiver signed by his attorney; by oral consent in open court entered in the minutes; by moving the case for trial without a jury, or failing to claim a jury trial when his adversary moves for trial before the court; and, in the counties of New York city, by failing to serve with the note of issue a demand for a trial by jury.

In the case under review neither of the parties resorted to any of the means fixed by the statute for the waiver of a jury trial. And there is nothing in the record to indicate that either of the parties intended, before the verdict, to try the case before the court without a jury. There was in fact a jury trial. There was a question of fact involved, and the court had no power, without the consent of both parties, to direct a verdict, or to assess the damages. The verdict having been held to be excessive, there was no power in the court to direct or to permit the entry of the judgment in question, apart from the stipulation of the claimant. In these circumstances we are constrained to hold that the judgment was entered, not upon a trial by the court, but upon the consent of the claimant; and without such consent there could have been no judgment. This was a compromise of the action, within the purview of section 29 of the Workmen's Compensation Law. (See *Matter of Roth* v. *Harlem Funeral Car Co., Inc.*, 243 App. Div. 459; affd., 268 N. Y. 661.)

The award should be reversed, and the claim dismissed.

HILL, P. J., RHODES and CRAPSER, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). Anthony Gallagher, the claimant, was injured on April 27, 1930, while working for the Carol Construction Company in a hazardous employment. He filed a notice of election to sue a third party whose negligence he claimed had caused his injuries. A trial of this third party action was had in the Supreme Court, New York county, and upon that trial the jury rendered a verdict in favor of plaintiff for $5,000. The defendant moved to set aside the verdict as excessive and for a new trial. The court stated that in its opinion the verdict was excessive and it made an order setting aside such verdict and granting a new trial unless the plaintiff within ten days stipulated to reduce the verdict to $2,000. The plaintiff made such stipulation and a final judgment in favor of the plaintiff was entered upon such verdict as thus reduced. Claimant then made application for the difference between the amount of the recovery in the third party action and the compensation to which he was entitled under the Workmen's Compensation Law and an award has been made for such deficiency.

The appellants contend that when he stipulated to reduce the verdict the respondent compromised his cause of action and that because it was done without the written approval of the insurance carrier he may not recover the deficiency of compensation under section 29 of the Workmen's Compensation Law. This section provides that a compromise of any such action by the employee

at an amount less than the compensation provided for by the Workmen's Compensation Law shall be made only with the written approval of the insurance carrier liable to pay the same.

The ruling of the trial court fixed the maximum amount of damages which the plaintiff could recover in his third party action. It was in substance a determination that the plaintiff's damages amounted to $2,000 and that the portion of the verdict above that amount was excessive. A final judgment was then entered upon the verdict. The plaintiff could pursue his remedy no further. A claimant who is injured because of the fault of a third party and elects to bring action against such third party is not compelled to pursue such remedy any further than to a final judgment. If the plaintiff did not stipulate to a reduction of the verdict the verdict would have been set aside and a new trial granted. This plaintiff was not compelled to undergo another trial. The verdict, as reduced, represented the full amount of his damages. He had had his day in court and obtained a final determination upon the merits for the full amount of damages recoverable. A party may make many and various stipulations during a trial which ultimately affect the amount of the recovery, and such stipulations are not compromises of the action.

The stipulation to reduce the verdict to the proper amount was in no sense a compromise. A compromise implies an offer by one party and the acceptance by the other. It takes two persons to make a compromise. Here there was no offer by the defendant. The recovery against it was had against its will and only at the end of the Supreme Court action. It was not a voluntary payment on its part. A compromise is defined by Bouvier's Law Dictionary (Baldwin's ed. 1934) as " an agreement between two or more persons, who, for promoting or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which any one of them prefers to the hope of gaining balanced by the danger of losing." Plaintiff's consent to a reduction of the verdict does not come within that definition.

By their decision the majority here are in effect holding that this respondent should have refused to accept the verdict as reduced by the court and should have tried his action over again or should have obtained the written consent of the insurance carrier to the making of such stipulation. A new trial would not give him any more damages because he had already recovered all that he could actually establish. It is quite apparent that upon the trial which he did have he proved his damages, not only up to their full amount but in excess of that amount. Only the excess was eliminated from the verdict by the reduction and the full amount of plaintiff's

actual damages was represented by the portion of the verdict which was allowed to stand.

A liberal construction of the statute requires that this award be affirmed.

Award reversed and the claim dismissed, with costs against the Industrial Board.