In the Matter of the Claim of Mrs. TILLIE GILMAN, Respondent, against HYMAN D. BARDEN, Appellant. STATE INDUSTRIAL BOARD, Respondent.—Appeal from an award of death benefits made by the State Industrial Board. Deceased was operating a truck belonging to the employer-appellant on the 6th day of July, 1934. As he was crossing the intersection of Parkside and Starin avenues in the city of Buffalo, the truck operated by the claimant's intestate collided with another automobile, owned and operated by a third party. As a result of the injuries sustained in said accident decedent died on the 6th day of July, 1934. The appellant was engaged in the milk business on a small scale. The administratrix of the deceased brought a third party action against Richard Shakelton who owned the automobile with which the automobile driven by deceased collided. Issue was joined and the matter was moved for trial in the Supreme Court in Buffalo on May 14, 1935. The administratrix appeared by attorney and the defendant appeared by attorney. The court asked: "What is this, a third party action?" The answer was yes. The court: "The employer has to consent?" The answer was yes. The court: "That is why you are in here?" A. "That is why we are in here." The administratrix was sworn and gave her age, the age of her deceased husband and the age of the dependent children, and proof of the employment of the deceased at the time of the accident by the employer-appellant. Letters of administration were received in evidence and marked. The court said: "What do I understand, that the defendant is admitting liability?" A. "The defendant admits liability." The court: "And you have arrived at a compromise as to the damages." Defendant's attorney: "$2,000.00 plus the funeral expenses, which we have agreed upon at $260.00, which makes a total amount of $2,260.00," without interest or costs. The court: "Now is that to be without interest from the date of the accident?" Defendant's attorney: "Without interest or costs." The court: "That is, judgment will enter just for $2,260.00?" Defendant's attorney: "$2,260.00, without interest or costs." The court: "Evidence closed." Plaintiff's attorney says yes. The court: "Gentlemen, by direction of the court, you will enter a verdict of $2,260.00 in favor of the plaintiff." Proceedings closed. This proceeding in the third party action for the recovery of damages because of decedent's death amounted to a compromise without the knowledge or consent of the employer-appellant and is a bar to the granting of an award herein. Award reversed, and claim dismissed, with costs against the State Industrial Board. (See *Matter of Gallagher* v. *Carol Construction Co.*, 248 App. Div. 32.) Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Bliss, J., concurs in the result, with a memorandum. Bliss, J. I concur in the reversal of the award and dismissal of the claim upon the ground that the third party action had acutally been compromised by agreement between the parties thereto without the consent of the insurance carrier. (Workmen's Compensation Law, § 29.) The direction of the verdict at an amount fixed by agreement between the parties did not alter the fact that a settlement had been agreed upon. It was but a subterfuge in an attempt to evade the requirements of section 29. *Matter of Gallagher* v. *Carol Construction Co.* (248 App. Div. 32) does not apply for there was no agreement between the parties to the third party action in that case.

In the Matter of the Claim of CARRIE B. BENNETT, Respondent, against MARINE WORKS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.