In the Matter of the Claim of ANTHONY GALLAGHER, against CAROL CONSTRUCTION COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Appellant.

(Argued September 30, 1936; decided November 24, 1936.)

128

*John J. Bennett, Jr., Attorney-General (Leon Freedman* of counsel), for appellant. 

*Dickinson S. Talley* for respondents. 

CROUCH, J. Claimant, for accidental injuries arising out of and in the course of his employment, was awarded compensation in the sum of $4,830. The employer and carrier were credited with $2,000, the amount of a judgment recovered and collected by claimant in a third party action, and were directed to pay the claimant the balance of $2,830.

The award was reversed and the claim dismissed by the Appellate Division upon the stated ground that the judgment of $2,000 was the result of a compromise of the third party action within the purview of section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67); and that since it was made without the written approval of the insurance carrier, no deficiency compensation was recoverable.

The alleged compromise was this: On the trial of the action the plaintiff had a verdict for $5,000; upon a motion by the defendant to set aside the verdict as excessive and for a new trial, an order was entered granting the motion unless the plaintiff should stipulate a

reduction to $2,000. The stipulation was given and judgment for that amount was entered.

*Matter of Roth* v. *Harlem Funeral Car Co.* (268 N. Y. 661), cited by the court below, is no authority under the facts here. What was paid by the third party there was paid, not because of any judicial determination, but by way of an agreed settlement out of court. No verdict was recorded, and no judgment thereon was entered. The contrary is true here. The judgment for $2,000 was rendered in accordance with immemorial common law practice after a full and constitutional jury trial. The optional order of remittitur and the stipulation of plaintiff pursuant thereto did not constitute a waiver of a jury trial. They were integral incidents of a jury trial actually had which eventuated by constitutional practice in a judgment actually entered (*Arkansas Val. L. & C. Co.* v. *Mann*, 130 U. S. 69; *Chouteau* v. *Suydam*, 21 N. Y. 179; *Holmes* v. *Jones*, 121 N. Y. 461; cf. *Dimick* v. *Schiedt*, 293 U. S. 474; and see generally: Scott on Fundamentals of Procedure in Actions at Law, p. 108 *et seq.;* Correction of Damage Verdicts by Remittitur and Additur, 44 Yale Law Journal, p. 318.) We think the compromise provision of section 29 of the Workmen's Compensation Law was not intended to apply to the procedure here in question. Plaintiff's stipulation consenting to take that portion of the verdict judicially determined as being not excessive, does not fall within any recognized meaning of the word " compromise."

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.