In the Matter of the Claim of SOL TUBIS, an Incompetent, by SAMUEL TUBIS, Committee, Appellant, against H. WEADERHORN, INC., and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; Bliss, J., dissents, with an opinion.

BLISS, J. (dissenting). The question here is whether the third-party action was compromised by the parties. Concededly the amount of the recovery was less than the compensation provided for under the Workmen's Compensation Law and the insurance carrier did not approve of the compromise, if one there was. The State Industrial Board has found that a third-party action was instituted by the claimant's representative, the plaintiff by his attorney agreed with the defendants in court chambers that judgment be entered against both defendants in the sum of $5,500, whereupon the court announced that it had been in conference with counsel, that the parties had reached an agreement between themselves with the approval of the court, that the amount of the damages assessed was the result of an agreement between the parties and the judgment obtained was not the result of a trial of the issues on the merits. This finding is completely born out by the minutes of the trial. These minutes show that on November 19, 1935, while the trial was in progress, counsel for the plaintiff announced in open court: " It is agreed that judgment may be entered by the plaintiff against both defendants for the sum of $5,500 without costs." The court thereupon stated to the jury that he was sorry he had kept them waiting, that he and counsel had been in chambers conferring about the case " with the result that the parties have reached an agreement between themselves," and the jury was then discharged. On a later date counsel for both parties appeared before the court in chambers and entered into a stipulation to be dated and entered into the records as of November 19, 1935, " that during the progress of the trial, the defendants admitted liability and asked for the withdrawal of a juror, which motion was granted and the juror withdrawn; and on consent of all parties the court assessed damages in favor of the plaintiff against both defendants in the sum of $5,500, without costs." This stipulation was not in accord with the facts because the stenographic transcript of the proceedings of November 19, 1935, showed that the jury was discharged from further consideration of the case without the withdrawal of a juror having been asked or granted. That discrepancy, however, is of minor importance.

The record shows beyond dispute that upon the trial of the third-party action a settlement was agreed upon between the parties and a judgment was entered in accordance with this agreement. Neither the jury nor the court made an independent assessment of the damages. This was a compromise of the cause of action by the employee within the meaning of section 29 of the Workmen's Compensation Law and the claimant may not now have an award for the deficiency. (*Matter of Gallagher* v. *Carol Construction Co.*, 272 N. Y. 127; *Matter of Gilman* v. *Barden*, 249 App. Div. 665.) The essential element of a compromise, namely, an agreement between the parties, is clearly present in the instant case.

The decision of the State Industrial Board should be affirmed, without costs.