In the Matter of the Claim of ANNA KIRBY, Respondent, against BLOOMINGDALE, BROS. and (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS

Appellants. State Industrial Board, Respondent.— The employer and insurance carrier appealed from the decision of the State Industrial Board and from the award made thereon awarding to the claimant deficiency death benefits. The deceased was an installment collector. On December 3, 1931, he was riding on one of his employer's trucks when it collided with an automobile. Decedent had been a victim of tuberculosis and as a result of the accident the disease became active and shortly thereafter decedent died. Prior to his death he brought suit against a third party. He died March 25, 1933, while the action was pending. After his death his widow was substituted as plaintiff-administratrix and the action continued against a third party, by the widow as such administratrix, for damages on account of the death of her husband. The case went to trial before a jury on March 5, 1934, and resulted in a disagreement. A second trial of the action was commenced on May 7, 1934, before a jury. The insurance carrier had refused to consent to the third party's offer of settlement, both before the commencement of the action and during the trial. During the second trial defendant's counsel stated that he desired to confess judgment for $3,750 without interest or costs. The widow was acquainted with this and was told that if she accepted the confession of judgment the insurance carrier would undoubtedly urge before the State Industrial Board, on any claim for deficiency, that the arrangement was, in effect, a settlement, and since it was made without the written consent of the carrier, would prevent her receiving an award for deficiency compensation; although the Board might find that her husband had died as a result of the accident. After having all these facts before her she decided to accept the confession of judgment and take the risks of an unfavorable decision by the State Industrial Board. The trial was thereupon halted and the settlement was made. Claimant's acceptance of the confession of judgment for $3,750, made by the third party, was in direct violation of section 29 of the Workmen's Compensation Law, and estopped her from receiving an award for deficiency. (*Matter of Gilman* v. *Barden,* 249 App. Div. 665.) This case was distinguishable from the case of *Matter of Tubis* v. *Weaderhorn* (252 App. Div. 897). In the latter case the claimant was an incompetent and was the ward of the court. Award reversed and claim dismissed as to the claim of Anna Kirby, on the authority of *Matter of Gilman* v. *Barden* (249 App. Div. 665). The decision as to Fred Kirby, infant child, is affirmed. Rhodes, Crapser and Bliss, JJ., concur; Hill, P. J., and Heffernan, J., dissent from the reversal of the award and the dismissal of the claim on the authority of *Matter of Tubis* v. *Weaderhorn, Inc.* (252 App. Div. 897.)