In the Matter of the Claim of MEYER BOGDANOFF, Respondent, against LOUIS HALPER et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 29, 1944.

*Irvin A. Snyder,* attorney for appellants.

*Leonard Thorner,* attorney for claimant, respondent.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Roy Wiedersum and Isaac Frank, Assistant Attorneys-General,* of counsel), for State Industrial Board, respondent.

FOSTER, J. This is an appeal by an employer and insurance carrier from a decision of the State Industrial Board which determined that it had jurisdiction to consider an award of further compensation to claimant.

Claimant was employed as a carpenter. He sustained an accidental injury on November 1, 1939, arising out of and in the course of his employment. He was paid compensation under three consecutive awards, and his case continued. On March 4, 1940, he filed a notice of election to sue a third party, and thereafter instituted a third party action in the Supreme Court of Kings County against three defendants. The case came on for trial in November of that year. There is proof that during the course of the trial negotiations were entered into between the litigants directed towards a settlement of the case, and carried on within the Trial Justice's chambers. And also proof that the carrier was asked to consent to a settlement, which it refused to do. Thereafter the Trial Justice directed the jury to return a verdict in favor of the claimant, there the plaintiff, against two of the defendants for the *specific sum of six thousand dollars.* Judgment was entered upon that directed verdict.

There is no dispute about these facts. Neither the claimant nor anyone in his behalf denies them. The Industrial Board finds as facts nothing to the contrary. It rests its decision wholly upon the proposition that the directed verdict resulted in a valid judgment, and did not constitute a compromise settlement as a matter of law.

I take it to be elementary that a Trial Justice cannot, on the trial of a negligence action, direct a verdict for the plaintiff for a *specified sum* without the assent of the defendant. If there is assent then there is a compromise, in every substantial sense of the term. The judgment entered thereon is merely the means used to render the compromise effectual. Obviously the defendants in claimant's case admitted liability in an amount certain, and the action of the judge and jury relative thereto was merely *pro forma.* If an impregnable barrier of sanctity is to bar an attack upon a judgment of that character, which in substance is a judgment by confession, then a very easy and effectual method has been found to circumvent the requirements of section 29 of the Workmen's Compensation Law. That section requires

the written consent of the carrier and employer to any settlement before the claimant may thereafter ask the Industrial Board to consider a claim for deficiency compensation.

In *Matter of Gilman* v. *Barden* (249 App. Div. 665) judgment upon admitted liability was held to be a settlement in fact and a judgment in name only. In a similar situation in the *Kirby* case (*Matter of Kirby* v. *Bloomingdale Bros.*, 256 App. Div. 1016, affd. 281 N. Y. 856) it was held that the judgment was in effect a compromise. In the *Tubis* case (*Matter of Tubis* v. *Weaderhorn, Inc.*, 252 App. Div. 897, 260 App. Div. 823) an exception was made because claimant was incompetent as a minor, and therefore a ward of the court. The facts of the *Gallagher* case (*Matter of Gallagher* v. *Carol Constr. Co.*, 272 N. Y. 127) are entirely different from the case at bar. There, the court found that consent to the reduction of a verdict, after a " full and constitutional jury trial " did not constitute a compromise within the meaning of section 29.

It is unfortunate that the stenographic minutes of the trial, insofar as they relate to the direction of the verdict and proceedings immediately prior thereto, were not introduced in evidence, although I regard the direction of a verdict for a specified sum as proof as a matter of law that there must have been a compromise. But in view of this omission I recommend that the decision be reversed, with costs, and the matter remitted to the State Industrial Board for further proof, if that is desired by the Board or any party.

All concur.

Decision reversed and matter remitted to the State Industrial Board for further consideration, with costs against the State Industrial Board.