■ In the Matter of the Claim of JOSEPHINE SIGISMONDI, Respondent-Appellant, v. SIGISMONDI EXCAVATORS, INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Cross appeals from decisions of the Workmen's Compensation Board filed November 22, 1968 and April 3, 1968, which held that the consent of the insurance carrier to the compromise of a third-party judgment was not required to preserve the claimant's right to claim deficiency workmen's compensation benefits. The board further held that the insurance carrier was entitled to a credit to be computed on the basis of the full amount of the damages as fixed by the trial court in the third-party action, less the necessary expenses as provided by subdivision 2 of section 29 of the Workmen's Compensation Law. Claimant's husband was fatally injured when a brick archway collapsed and fell upon him. A third-party action was instituted by claimant against the owners of

the building where the fatal accident occurred, as well as against the subcontractor in charge of steel fabrication work in dismantling the premises, resulting in a jury verdict against the subcontractor in the amount of $8,500. The parties stipulated to increase the verdict and judgment in the sum of $54,350.85 was entered. The wrongful death judgment was thereafter compromised to the sum of $24,000 by order of the Surrogate's Court. The Referee awarded death benefits to the widow and surviving child, and credited the insurance carrier with the net recovery from the third-party action, in the amount of $15,880.17. The carrier requested review by the board, contending that the decedent was a partner rather than an employee, that the compromise in the third-party action precluded recovery of death benefits, and that, in any event, the amount credited to the carrier from the third-party action was improper. The board found that decedent was an employee and held that the compromise did not prevent recovery of death benefits under the Workmen's Compensation Law. Credit for the entire damages fixed by the trial court in the wrongful death action in the amount of $39,000 minus expenses, was accorded to the carrier. The board's decision on the consent issue must be affirmed. Subdivision 5 of section 29 of the Workmen's Compensation Law requires the carrier's consent of "A compromise of any * * * cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter" (emphasis added). To be distinguished from the compromise of a cause of action is the compromise of a judgment. When a third-party action has been tried to its conclusion and the measure of liability has been judicially determined, the carrier is not prejudiced by a subsequent compromise entered into by the parties to the action in an effort to facilitate satisfaction of the judgment. (Matter of Gallagher v. Carol Constr. Co., 272 N. Y. 127; Matter of Clark v. Oakes & Burger Co., 16 A D 2d 490.) Claimant contends that the carrier should be credited only with the net proceeds recovered in the third-party action, ($15,880.17) and that the Referee's determination on this issue should be reinstated. We reject this contention. To sustain claimant's contention would defeat the intent behind subdivision 5 of section 29 of the Workmen's Compensation Law, and prejudice the carrier, by allowing claimant to expend the carrier's funds in her attempt to protect her interest in the judgment and assure its satisfaction. The board properly credited the carrier with the amount of damages fixed by the trial court at $39,000 (the value fixed by the Supreme Court for wrongful death damages), less attorney's fees and disbursements. Decisions affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.