In the Matter of the Claim of BERTHA ROTH, Respondent, against
HARLEM FUNERAL CAR COMPANY, INC., and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 12, 1935.

*Frederick Mellor* [*Bernard F. Farley* of counsel], for the appellants.

*Arnold Jacoby,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Hector A. Robichon, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

HEFFERNAN, J. This is an appeal by the employer and its insurance carrier from an award for deficiency compensation to Bertha Roth, the surviving widow of Bernard Roth, the deceased employee.

On March 3, 1923, Bernard Roth sustained an accidental injury which arose out of and in the course of his employment as a result of which he died the same day. His widow filed a notice of election to sue the Reid Ice Cream Company, a third party, whose negligence caused her husband's death.

The claimant, as administratrix of the deceased, instituted such an action in the Supreme Court. Thereafter the cause was brought to trial and the trial judge submitted the issues to a jury. The record is somewhat meagre as to what subsequently transpired. It does appear, however, that while the jury was deliberating, the parties, without the consent of the insurance carrier, agreed to settle the action for $6,000. It is undisputed that defendant in the action paid the plaintiff that sum in satisfaction of her claim. Evidently neither the court nor the jury was apprised of the fact that a settlement was had because after the parties had agreed to compromise their differences the jury returned with a verdict for plaintiff for $5,000. The verdict, however, was not recorded and no judgment was entered thereon. The case was marked " settled for $6,000.00."

The appellants concede that they have not been prejudiced by the settlement of the third-party action. As pointed out, a larger sum was realized by the adjustment than the jury found.

Appellants insist, however, that the settlement of the third-party action without the consent of the insurance carrier bars an award for deficiency compensation.

The pertinent provisions of section 29 of the Workmen's Compensation Law are: "A compromise of any such cause of action by the employee or his dependents at any amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioner, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same."

The State Industrial Board made a finding that "said third-party action was duly instituted, tried and resulted in a recovery of $6,000." That finding is clearly erroneous. The trial did not result in a recovery of $6,000. It was the settlement which produced that result.

In the instant case the result is somewhat unfortunate for claimant. We must take the law, however, as it is written. The moment she settled her action without the written consent of the insurance carrier she released her right to deficiency compensation. (*O'Brien* v. *Knickerbocker Ice Co.*, 213 App. Div. 464; *O'Brien* v. *Lodi*, 246 N. Y. 46.)

The award should, therefore, be reversed and the claim dismissed, with costs to appellants against the State Industrial Board.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.