Chief Judge Desmond.
In this workmen’s compensation proceeding the board awarded death benefits to claimant widow and her child, on findings that the death of the employee John D. Meachem on May 9,1948 was the result of accidental injuries which were sustained by him on November 7, 1945 in the course of his employment by respondent railroad company. The Appellate Division, however, reversed the award and dismissed the claim on the ground that a so-called third-party action “ was settled without the consent of the self-insured employer.” Another alleged ground for reversal (lack of jurisdiction in the Workmen’s Compensation Board because of interstate commerce employment of deceased) was discussed in the Appellate *295 Division opinion but, apparently, not relied on as a basis for decision. That second ground will be taken up at a later point in this opinion.
The Appellate Division held that section 29 of the Workmen’s Compensation Law barred a death award to claimant because as administratrix of her husband’s estate she had without the self-insured employer’s consent settled a “ third-party ” wrongful death action against the owner and driver of an automobile which had injured her husband on February 24, 1948, 27 months after his industrial accident. But to us it is clear beyond any doubt that the action so settled was not such a ‘ ‘ third-party ’ ’ suit as is dealt with in section 29 since it had nothing whatever to do, in time or place or otherwise, with the industrial accident of November 7, 1945, which is the basis for the workmen’s compensation death award here in litigation. Neither the language of section 29 nor any interpretation of it during the nearly 50 years it has been on the books authorizes the treatment of appellant’s wrongful death action as a ‘ third-party suit” within the statute. There is absolutely no authority anywhere for the decision below.
These undisputed facts will explain the case:
November 7,1945-—• decedent John D. Meachem in the course of his employment by self-insured respondent New York Central Railroad Company in its West Albany shops received injuries which disabled him and caused his death on May 9, 1948.
December 21, 1945 — Meachem filed his claim for compensation benefits which was controverted on the sole ground of alleged lack of causal relation. An award was made and the railroad company made compensation payments thereunder for total disability until Meachem’s death on May 9, 1948.
February 24, 1948 — Meachem was injured in an automobile accident which, as found by the board, ‘ was not interlinked with the industrial accident of November 7, 1945, and was not the cause” of Meachem’s death. Mrs. Meachem as administratrix brought a wrongful death action against the owner and driver of the car.
June 11, 1948 — the widow on her own behalf and for her infant son filed with the Workmen’s Compensation Board a claim for death benefits.
*296 February 23,1950 — respondent railroad company for the first time announced to the Workmen’s Compensation Board its intention to controvert the claim on the ground that the board was without jurisdiction since “both employee and employer were engaged in Interstate Transportation on the date of this alleged injury and death.” At no prior time during all the earlier compensation hearings on the disability claim and the death claim had any such matter been mentioned.
December 21,1949 — the widow as administratrix was authorized by the Surrogate’s Court of Albany County to settle for $12,000 her suit against the owner and driver of the automobile which had injured Meachem on February 24, 1948. Respondent railroad company did not consent to the settlement of this suit and now asserts that it was a “third-party” settlement and so, having been made without its consent, barred (see § 29, subd. 5) any further award of compensation benefits.
July 5,1957—the Workmen’s Compensation Board made the death award which is now in litigation, finding that the industrial accident injuries of 1945 and not the automobile accident injuries of 1948 were the cause of death.
We can find no basis for holding that the 1949 settlement of appellant’s lawsuit had any effect on the workmen’s compensation rights or that it was in any way covered by or regulated by anything in section 29. From its enactment in 1914, the Workmen’s Compensation Act has dealt with the situation where an industrial accident occurring during employment is caused ‘' by the negligence or wrong of another not in the same employ ’ ’. Never until now has this statute been extended so as to deal Avith subsequent accidents unrelated to the industrial casualty. From the early days of the statute a compensation insurer or self-insured employer was recognized as having rights by subrogation as against an outsider who had caused the very industrial accident for which the insurer or self-insured employer was obligated to pay compensation. As this court noted in O’Brien v. Lodi (246 N. Y. 46, 49): “It may and frequently does happen that the employee in the course of his employment is injured * * * by the negligence of a third party.” The Appellate Division itself soon after the enactment of the act in 1914 described section 29 as covering a case “Where an employee is injured by the act of a third party, in the course *297 of his employment ’ ’ (Lester v. Otis Elevator Co., 169 App. Div. 613, 617, 618). The injured employee (or in case of death, his estate) was not deprived of his common-law suit against that tort-feasor and his “ third-party suit ” was not dependent on or regulated by the Workmen’s Compensation Act. “ The Workmen’s Compensation Act regulates the relation, not between the workman and the world at large, but between workman and employer ” (Matter of Zirpola v. T. & E. Casselman, Inc., 237 N. Y. 367, 373; see Travelers Ins. Co. v. Padula Co., 224 N. Y. 397). The injured employee or his estate retains all his common-law rights of action against everyone except his employer. But his employer’s (or employer’s insurer’s) subrogated rights are protected as against the true culprit who in fact caused or contributed to the in-course-of-employment accident for which the employer (or insurer) must pay workmen’s compensation. Section 29 implements the ‘ ‘ quest * * * for the actual wrongdoer ” (2 Larson, Workmen’s Compensation Law, § 71.10). The sole purpose of present subdivision 5 of section 29 is to prevent imprudent settlements of such suits by the employee or his estate to-the prejudice of the employer’s (or carrier’s) subrogated rights. It is impossible to apply this concept to a case like the present one where the employer could •not conceivably be subrogated to any rights as against the operator of the car involved in the totally unrelated automobile collision. The key word is “ employee ” in the very first line of section 29. It is the injury to or killing by a third person of an “ employee ” — that is, one at work in his employment— which brings section 29 into play. If the third party’s tort is not committed while the worker is at work and so entitled to compensation, section 29 has no relevance or effect.
Some argument is made that section 29 is applicable because the industrial hurt and the automobile crash were both causes of the same ‘ ‘ injury ’ ’, that is, death. Death is not an " injury ’ ’ but a result of injury. Meachem suffered two injuries remote from each other as to time and place. Indeed — although it is unnecessary to our argument—the board finding (which we cannot review because founded on substantial proof—Workmen’s Compensation Law, § 20) is that Meachem’s death was caused by the industrial episode alone and not by the injuries suffered in the automobile collision.
*298 No one suggests any precedent for the Appellate Division’s decision except the single and quite inapposite case of Matter of Parchefsky v. Kroll Bros. (267 N. Y. 410). But Parchefsky simply applies to workmen’s compensation law the old rule (see Milks v. McIver, 264 N. Y. 267) that one who wrongfully injures another is liable for the malpractice of the physician who treats the injury since it was all part of an unbroken sequence. How that can be a basis for decision here we cannot understand. We repeat—there is no precedent for holding that this wrongful death settlement was of an action of the kind contemplated and covered by section 29.
The opinion below says that the result of an award of compensation death benefits here would be “an untoward one of double recovery ’ ’. That seems incorrect both in fact and law. The wrongful death suit settlement and the approval thereof by the Surrogate expressly took into account the fact that there were or might be “claims or causes of action” against the railroad company. The compensation death award is at the total rate (for both widow and child) of only $24.23 per week. The death suit settlement was for $12,000. Surely these figures do not justify the conclusion that this was an unconscionable ‘ ‘ double recovery ’ ’. On this record the only showing of a “ double recovery ” was as to the minor item of funeral expenses since the settlement included $750 for that item and the Workmen’s Compensation Board award $200 therefor (Workmen’s Compensation Law, § 16, subd. 1).
Even if this were a “ double recovery ”, that fact would not condemn it in the eyes of the law. There is nothing in the Workmen’s Compensation Act forbidding collection of additional amounts from other sources. Indeed, the act itself provides for such additions since even in a true “ third-party ” situation the injured employee or his estate may get part (two thirds) of a third-party settlement in addition to his full workmen’s compensation. Failure to show that there was an actual “ doubling ” of full indemnity and failure to cite any legal bar to the award of full workmen’s compensation puts “ double recovery ’ ’ out of this case.
We turn now to the jurisdictional objection to the death award — that is, the assertion that, since Meachem was working in interstate commerce when injured in 1945, the Federal Employ *299 ers ’ Liability Act alone governed and the New York State Workmen’s Compensation Board had no jurisdiction. The board, however, made a finding of fact that the employer ‘ ‘ has waived and is estopped from questioning the jurisdiction of the Workmen’s Compensation Board.” The finding of estoppel may or may not have been justified on this record but there was substantial proof of a waiver and so the finding of waiver may not be disturbed by the courts (Workmen’s Compensation Law, § 20). Section 113 of the Workmen’s Compensation Act validly (see Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, affd. 344 U. S. 367) allows awards in such employments if the claimant and employer ‘' waive ’ ’ their interstate commerce rights and remedies. Waiver means the intentional relinquishment of a known right. There is of course no difficulty about finding a waiver by Meachem. As to his employer, it never expressed any denial of the Workmen’s Compensation Board’s jurisdiction until February 23, 1950, more than four years after Meachem’s industrial accident, four years after workmen’s compensation was first awarded and paid, and 21 months after Meachem’s death. There is some suggestion that it- was not until the decision in Matter of Baird v. New York Cent. R. R. Co. (299 N. Y. 213 [1949]) that this employer was on notice that sole coverage of Meachem’s injury was under the Federal Employers’ Liability Act. Of course, the New York Central Railroad Company knew the work conditions of its employees and, especially because of innumerable prior litigations, it understood the jurisdictional rules. In fact, in the Baird case itself this employer raised the Federal question on July 17,1946, but for reasons of its own did not so controvert Meachem’s claim until 1950, long after his death.
It can be argued that the facts here do not meet the requirements for waiver set out in this court’s decision in 1926 in Fitzgerald v. Harbor Lighterage Co. (244 N. Y. 132). But the Fitzgerald case’s definition of waiver, if definition it was intended to be, was broadened (and liberalized) by the Matter of Ahern v. South Buffalo Ry. Co. opinions (303 N. Y. 545, affd. 344 U. S. 367, supra) filed many years later. We hold that the word ‘ ‘ waive ’ ’ in this statute should be given its ordinary meaning, not a narrow and restricted one. So tested, the proof here was ample to support the finding of waiver.
*300 It is argued, though, that the Ahern decisions (supra) were grounded not on waiver but on estoppel—that is, that Ahern’s employer was not held to have waived but to have been estopped from denying that he had waived. No basis appears for such a construction of either this court’s opinion (303 N. Y. 545) or that of the United States Supreme Court (344 U. S. 367) in Ahern. Both courts agreed that there was nothing in Federal or State law to prevent the parties from agreeing “ ' to forego one set of remedies and abide by another ’ ’ ’ (language quoted in our Ahern opinion from our Fitzgerald opinion, supra). Both courts agreed that this might lawfully be done by submitting the controversy to the New York State Workmen’s Compensation Board. The two courts, after canvassing the facts, agreed in Ahern that there had been such a voluntary consensual submission. Both courts in Ahern stressed facts which were there present and are here present: representation of the employer by experienced counsel; utilization by the parties of the board’s machinery at a series of hearings resulting in a series of awards; and payment and acceptance of those awards. Both courts held that Ahern and his employer had thus efficiently invoked the “permissive statute” (Workmen’s Compensation Law, § 113). There was, of course, another factual element available in Ahern as additional, but not essential, proof of waiver. In Ahern the employer had not raised the question of Federal jurisdiction until after the workman’s time to bring a Federal Employers’ Liability Act suit had passed. But there was no intimation by either court that this time element was an essential basis for a valid finding of waiver by Ahern’s employer. Ahern and his employer waived. Meachem and his employer waived in exactly the same way. That there was in Ahern’s case the added feature of estoppel is a factual difference, but not such a distinction as to produce a different result.
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division against respondent employer, and the award of the Workmen’s Compensation Board reinstated.