In the Matter of the Claim of CLAIR B. CLARK, Respondent, *v.* OAKES & BURGER Co. et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, June 28, 1962.

*Brownstein & Canale* (*John F. Canale* of counsel), for appellants.

*Hornburg, Diggs & Dwyer* (*Joseph C. Dwyer* of counsel), for claimant-respondent.

*John M. Cullen* for Special Disability Fund.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board.

The sole question raised on this appeal is whether under the provisions of section 29 of the Workmen's Compensation Law claimant forfeited his right to possible deficiency compensation by agreeing, without the consent of the carrier, during the pendency of an appeal by his adversary to accept an amount in full payment of a judgment awarded him by a jury which was less than the amount of the judgment.

The facts are undisputed. Claimant, aged 66, sustained an industrial accident on July 8, 1959, when in the course of his employment the automobile he was driving collided with a truck owned by a third party. Compensation payments were begun and within a year a third-party action was commenced. The third-party action resulted in a jury verdict in favor of claimant for $45,000 and on June 27, 1960 a judgment was entered for $45,143.99 including costs. The third party filed a notice of appeal but agreed to drop the appeal if claimant would accept a payment of $44,500 to satisfy the judgment. Claimant informed the appellant carrier of the third-party's offer, but while the appellant carrier agreed that acceptance thereof was a sensible decision considering claimant's age and physical condition it flatly refused to give its consent to the satisfaction and took the position that the acceptance of the reduced amount constituted a " compromise " or " settlement " within the meaning of section 29 and thus barred deficiency compensation. The Referee agreed with appellant carrier's position, but the board reversed finding that an award was not barred and closed the case as no deficiency was then due.

This is a matter of first impression in this jurisdiction. The purpose of subdivision 5 of section 29 of the Workmen's Compensation Law is " to protect the insurer as to the amount of the deficiency " by giving him a voice in whether the third-party compromise was fair and in an amount which would assure the payment of a minimum amount of deficiency compensation which might come due under the statute (*O'Brien* v. *Lodi*, 246 N. Y. 46, 51). Our courts in cases involving this section have remorselessly denied deficiency compensation in all cases where

a compromise or settlement has been made between the claimant and the third party without the carrier's consent even when the settlement proved advantageous to or in any event did not prejudice the carrier (*Matter of Meachem* v. *New York Cent. R. R. Co.*, 7 A D 2d 253, revd. on other grounds 8 N Y 2d 293; *Matter of Gruhn* v. *Miller Brown, Inc.*, 275 App. Div. 975; *Matter of Roth* v. *Harlem Funeral Car Co.*, 243 App. Div. 459, affd. 268 N. Y. 661). The only case which allowed an exception to this rule is a case where plaintiff in a third-party action stipulated to a reduction under a court order to accept the reduction or face the prospects of a retrial (*Matter of Gallagher* v. *Carol Constr. Co.*, 272 N. Y. 127). Respondents argue that once the third-party action has been tried and a decision or verdict reached, thus properly establishing a measure for determining the liability of the carrier, if any, for deficiency compensation, the carrier has received the requisite protection subdivision 5 of section 29 was designed to afford it and if the claimant wishes to expend his own funds to protect his interest in the judgment there is no prejudice to the carrier. We agree. In *Bell* v. *O'Hearne* (284 F. 2d 777) the Fourth Circuit faced this very question in construing subdivision (g) of section 933 of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 933, subd. [g]) which is modeled on subdivision 5 of section 29. The Fourth Circuit in holding that deficiency compensation was not barred stated (p. 780): "As we construe the statute, a recovery of deficiency compensation is barred only where the injured employee, or his beneficiaries in case of death, have compromised the third party claim or where judgment in the third party action has been entered as the result of settlement or compromise. In such instances the Act prevents recovery by conclusively presuming prejudice to the claimant's employer, without requiring proof of actual prejudice. This is only proper, because when a claimant makes settlement of an unliquidated claim, without the employer's consent, he has undertaken to fix the amount of recovery in the action which would have inured to the employer's benefit. It is the evident purpose of the provision to prevent an employee or his beneficiaries to manage independently the course of pending litigation or to affect prospective litigation that is designed for the use of the employer as well as the employee or his dependents. Where, however, there has been a judicial determination of the damages, there is no possibility whatever of prejudice to the employer from the judgment creditor's subsequent consent to a diminution in payment. The employer has no interest in it. The reduction is at the plaintiff's sole expense and does not lessen the

employer's right of set-off, and the employer and his insurance carrier are not otherwise affected'' and continued (p. 781): '' We are not persuaded to adopt the reading of the statute proposed by the deputy commissioner. It is unnecessarily harsh, and is not within the requirement of the Act's language, or its spirit and purpose. There was no compromise here of any interest with which the employer was in any way concerned, or to which the provision in section 933 (g) was directed. By yielding $1,500.00 of the judgment, the present plaintiff did nothing to prejudice and thereby release the employer and its carrier  *  *  *  In the absence of language plainly demanding it, a construction is not to be favored which visits a forfeiture on the employee or his dependent and gives a windfall to the insurance carrier. ' The Act must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous result. Voris v. Eikel, 1953, 346 U. S. 328, 333.''

The dictates which have required the stern application of subdivision 5 prior to judgment even where events *subsequently* indicate that no prejudice to the carrier is involved disappear when a judgment is entered and the continued prosecution of an appeal could not possibly benefit the carrier. It is manifest that prejudice *could* arise where during the trial one joint tortfeasor is released or where a settlement is entered into while the jury is still deliberating and the fact that prejudice did not result should properly have no bearing in the application of subdivision 5 of section 29. *Matter of Gruhn* v. *Miller Brown, Inc.* (275 App. Div. 975, *supra*) and *Matter of Roth* v. *Harlem Funeral Car Co.* (243 App. Div. 459, affd. 268 N. Y. 661, *supra*) are thus distinguishable, and the decision in the instant case does not militate against these holdings.

Surely this is an area where liberality in favor of the claimant in the construction of the Workmen's Compensation Law is completely justified. Any loss is from the claimant's own pocket. Can we say that he cannot give up part of his protection, completely at his own expense, to insure a favorable recovery?

The decision should be affirmed, with one bill of costs to respondents filing briefs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Decision affirmed, with one bill of costs to respondents filing briefs.