## (May 12, 1964)

■ In the Matter of the Claim of EDWARD JACKSON, Respondent, v. FREDERICK RICHMAN & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employers and their carrier from an amended board decision and prior decisions which culminated in an award of compensation benefits to the claimant. Frederick W. Richman was president of Frederick W. Richman Co., Inc., and of the Walco Electronics Co., Inc. The claimant, Edward Jackson, was an employee of one of said corporations, apparently Walco Electronics Co., Inc. Claimant's job was as chauffeur to Mr. Richman. On the evening of December 24, 1960, while he was driving Mr. Richman, claimant made some comment regarding Mr. Richman's lack of consideration. Mr. Richman thereupon willfully assaulted claimant by striking him about the head. A claim for compensation was filed on January 24, 1961. Claimant

thereafter was called to an attorney's office and received $400. The claimant then signed a general release acknowledging receipt of $400 from Mr. Richman and releasing Mr. Richman and Walco Electronics Co., Inc., from any claim including any action at law or any workmen's compensation claim now pending. The Referee disallowed the claim on the grounds that the claimant had settled a third-party action without the carrier's consent. The board reversed this finding and finally sustained an award on the theory that the claimant cannot waive his right to compensation by virtue of section 32 of the Workmen's Compensation Law. It also found his claim against the president of the employer corporation was based on willful assault and was tantamount to an assault by an employer on his employee, therefore it was not a third-party claim within the meaning of section 29 of the Workmen's Compensation Law. Appellant carrier argues that claimant's failure to secure its written consent to the settlement as required by subdivision 5 of section 29 of the Workmen's Compensation Law bars the claimant from any subsequent recovery against it. We believe that this contention is valid in the instant case. The position taken by the board that the claimant cannot waive his rights under section 32 of the Workmen's Compensation Law was specifically rejected in *Matter of Martin* v. *C. A. Prods. Co.* (8 N Y 2d 226). In that case claimant was an actor who was assaulted at a cast party held following the final performance of a production in which he had taken part. The Court of Appeals stated that the case-law principle that settlement of a personal injury claim bars a subsequent compensation proceeding (*Matter of Russell* v. *231 Lexington Ave. Corp.*, 266 N. Y. 391) has been followed without apparent legislative disapproval and therefore the theory was not inconsistent with the purpose or intent of the Workmen's Compensation Law. The Court of Appeals reversed an award based upon the theory that as a matter of policy a claimant cannot be barred and in rejecting this theory the court stated in broad language at pages 230–231: "It is our opinion, therefore, that the claimant cannot have the benefit of both remedies. A party should not be permitted to experiment with an action at law for the purpose of ascertaining how much he can get, and then, if dissatisfied, repudiate the recovery and seek to claim the benefits of workmen's compensation. Although section 32 of the Workmen's Compensation Law (prohibiting compromise and waiver) is intended to protect a claimant from his own improvidence and folly, it was certainly not intended to permit harassing and inconsistent actions resulting in unneccessary and prolonged litigation and possibly multiple recoveries. If we were to allow claimants to so proceed, *via* this legally calculated scheme, we would certainly discourage settlement and encourage vexatious litigation." We believe that *Matter of Berenberg* v. *Park Mem. Chapel* (286 App. Div. 167) is in point and is controlling. There are special rules regarding assault cases which allow third-party actions. We fail to see how the factual distinctions raised by the claimant have any bearing on the principles set forth in the enumerated cases. We do not hold that there is always a binding election and each case must be examined on the facts presented. There is no election which divests the board of jurisdiction when the remedy sought is unavailable, the method pursued is discontinued or the question raised is unresolved. (See *Matter of Tate* v. *Estate of Dickens*, 276 App. Div. 94; *Matter of Amorando* v. *D'Antonio*, 285 App. Div. 916.) We believe that here claimant successfully settled his claim, he has suffered no injustice, and therefore, he is bound by subdivision 5 of section 29 of the Workmen's Compensation Law. Decision reversed and the claim dismissed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.