474 P.2d 807

S. C. HORNBACK, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Graver Tank and Manufacturing Company, Respondent Employer,

Graver Tank and Manufacturing Company, Respondent Carrier.

No. 10039–PR.

Supreme Court of Arizona, In Banc.

Sept. 25, 1970.

Strickland, Altaffer, Davis & Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Graver Tank and Manufacturing Co.

UDALL, Justice:

This case concerns the workmen's compensation claim of an employee injured, in the scope of his employment, by a third party. The issue before us is whether the Industrial Commission was required to reopen the employee's workmen's compensation claim after the employee had compromised a suit against the third party without obtaining approval of the settlement by either the Industrial Commission or the employer. On review, the Court of Ap-

peals set aside the award of the Commission and held that the Commission did have jurisdiction. 11 Ariz.App. 587, 466 P.2d 806 (1970). We granted Graver's petition to review the decision of the Court of Appeals. We hold that the Commission was not required to entertain the petition to reopen. The opinion of the Court of Appeals is vacated.

The portion of the Arizona Workmen's Compensation Act applicable to this issue is A.R.S. § 23–1023. At all times pertinent to this case, that section provided as follows:[1]

"§ 23–1023. *Liability of third person to injured employee election of remedies.*

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, shall elect whether to take compensation under this chapter or to pursue his remedy against such other person.

"B. If the election is to take compensation, the claim against such other person shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof. Such a claim assigned to the state may be prosecuted or compromised by the commission.

"C. If the election is to proceed against such other person, the compensation fund or person shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated by the provisions of this chapter for such case. *Compromise of any claim by the employee or his dependents at an amount less than the compensation provided for shall be made only with written approval of the commission, or of*

*the person liable to pay the claim."* [Emphasis supplied]

◼ The employee, Hornback, was employed by the Graver Tank and Manufacturing Company, hereinafter referred to as Graver. Hornback was injured on September 24, 1961, while in the course and scope of his employment. His employer, Graver, was a self-insurer and thus itself had the obligation to pay any accident benefits and compensation awarded by the Industrial Commission. Mr. Hornback did apply for compensation shortly after the accident, and the Commission entered an award on October 20, 1961. The award granted accident benefits plus the sum of $266.08. The Commission found, however, that the employee had no permanent disability.

On April 17, 1962 the employee filed an action in Superior Court, Pima County, against the third party, Fluor Corporation Ltd., hereinafter referred to as Fluor, alleging that Fluor was responsible for the injuries sustained. Also named as a defendant in the suit was the employer, Graver. The record indicates that the Industrial Commission was aware of the suit. The action against the employer, Graver, was dismissed on August 3, 1964, leaving only Fluor as a defendant.[2]

More than two years later, in October, 1966, Hornback and Fluor entered into a compromise settlement of the action pursuant to which Fluor paid Hornback $10,000 in settlement of all claims against Fluor. Neither Graver nor the Industrial Commission was notified of any pending settlement, nor was either requested to consent to the settlement. The parties here agree that neither the Commission nor Graver had any actual knowledge of the settlement until after the Superior Court action was dismissed.

Three months after the settlement, Hornback sought to reopen his workmen's com-

---

1. The law applicable to this case is the Workmen's Compensation Act prior to extensive 1968 amendments.

2. Fluor took the position that the suit was barred on the ground that Hornback had

previously elected to take workmen's compensation benefits. Election is not an issue at this stage of the controversy, and Mr. Hornback's right to pursue the third party action is not questioned.

pensation claim. His petition to reopen the claim was filed on January 24, 1967. Graver, as the party liable to pay any further workman's compensation, urged the Commission that Mr. Hornback had failed to obtain the approval of the settlement as required by A.R.S. § 23–1023, and therefore could not recover further compensation. The Industrial Commission held that it was without jurisdiction to entertain the petition to reopen.

It is important to emphasize that the right of the employee to bring the action against the third party is not questioned in this proceeding. No party to this proceeding is endeavoring to reopen or challenge the finality of the settlement between Fluor and Hornback. The question here is the effect of that settlement upon Hornback's right to claim workmen's compensation for the same injuries. Thus the sole issue here is whether the Industrial Commission must entertain a petition to reopen a claim when the employee has settled a third party suit without obtaining the approval of the Commission (now the State Compensation Fund) or the party liable to pay the workmen's compensation.

■ Our decision is controlled by A.R.S. § 23–1023, subsec. C. That provision states that an employee who sues the third party responsible for his injuries may seek workmen's compensation for any deficiency between his recovery in the third party suit and the compensation provided under workmen's compensation. By limiting the workmen's compensation to the deficiency, the statute ensures that there will be no double recovery for injuries. However, the statute further provides that if the third party suit is settled, the settlement must be with the approval of the Commission or of the party liable to pay the workmen's compensation claim. We hold that

having failed to seek and obtain that approval the employee in this case is not entitled to reopen his workmen's compensation claim to seek a deficiency.

■ The reason for the approval requirement lies in the operation of our workmen's compensation act. The Commission (or the person liable to pay the compensation claim) is subrogated to all rights of the employee against a third party tort feasor. The Commission has no direct right against the third party. See A.R.S. § 23–1023, subsec. B; State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952); Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958 (1931). Accordingly when an employee settles a third party action for less than the amount he could recover as workmen's compensation, he not only releases the third party from further liability but he also cuts off the insurance carrier's subrogation rights against the third party. Therefore, a major purpose of the approval requirement is to prevent an employee from accepting too small a settlement and prejudicing the subrogation rights of the Commission (now the State Compensation Fund) or carrier.

This court has never directly been called upon to apply these provisions of A.R.S. § 23–1023, subsec. C. However, in Worthington v. Industrial Commission, 85 Ariz. 310, 338 P.2d 363 (1959), we recognized that the Commission should be called upon to approve a compromise.[3]

The Oklahoma courts have interpreted provisions very similar to A.R.S. § 23–1023 as it read prior to 1968 amendments. The Oklahoma courts have consistently held that a third party settlement for less than the amount recoverable as compensation, and not approved by the commission or carrier, bars a claim for the deficiency. Bond Marble and Tile Office v. Rose, 322

3. "If we were to rule that Lipscomb might be considered a third person 'not in the same employ', the claimant would be entitled to maintain the wrongful death action, and, in addition, claim any deficiency between the amount collected and the compensation provided by the statute

(at least *if the Commission approved a compromise of the action for an amount less than the statutory amount, as it should have been called upon to do.*)" (Emphasis supplied) Worthington v. Ind. Commission, 85 Ariz. 310 at 316, 338 P.2d at 367.

P.2d 1063 (Okl.1958). DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816 (1946). In *DeShazer* the Oklahoma court explained the rationale as follows:

"The respondent herein under the statute and independent of the statute was entitled to proceed against the Missouri-Kansas-Texas Railroad Company [the third party] for any amounts paid by respondent as compensation to the petitioner. The petitioner by his acts has barred the respondent from taking such action by accepting from the railroad company the sum of $650 and executing a settlement of all claims which petitioner possessed against the railroad company by reason of the acts of the company resulting in the injury. * * In the case before us the State Industrial Commission found that petitioner settled his claim against the railroad company without the approval of the commission and without the consent of the respondent. This court is of the opinion that such finding is proper under the facts in this case and that the order denying an award should be affirmed." 165 P.2d at 818.

Similarly the Federal Longshoremen's Act, 33 U.S.C. § 933(g) and the workmen's compensation statutes of New York, on which the federal law was modeled, explicitly require that no compensation deficiency may be claimed if a third party suit is settled without the approval of the employer. Banks v. Chicago Grain Trimmers Assn., 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968); Marlin v. Cardillo, 68 App.D.C. 201, 95 F.2d 112 (1938); see also Jackson v. Frederick Richman & Co., 21 A. D.2d 711, 249 N.Y.S.2d 540 (1964); Clark v. Oakes and Burger Co., 16 A.D.2d 490, 229 N.Y.S.2d 513 (1962). The U. S. Supreme Court in *Banks*, supra, pointed out that the purpose of the provision requiring

approval of any settlement is to protect the employer against an employee accepting too little for his cause of action.[4]

Recognizing the purpose and effect of our statute, the employee Hornback here argues that his case does not come within the scope of the approval requirement because his settlement with Fluor was not for "less" than the workmen's compensation provided for under the compensation laws. The settlement approval requirement of A.R.S. § 23–1023, subsec. C, expressly applies only to settlements in amounts "less than the compensation provided for." The reason is clearly that if the settlement is more than allowable compensation, then the Commission or the carrier have no interest in the settlement, for there is no possible deficiency to be claimed.

It is the employee's position here that because he received only accident benefits and $266.06 when his original claim was processed in 1961, the $10,000 settlement was greater than the compensation provided for and that therefore the approval requirement does not apply. We are unable to accept this position, for it ignores the fact that the employee in this action is seeking to reopen his claim and seek more compensation. It would be logically inconsistent and contrary to the purpose of the statute to hold the $10,000 to be "less than the amount provided for" in order to permit the employee to seek compensation in an amount greater than $10,000.00.

The employee here also stresses that his petition to reopen is based upon injuries which became apparent after the original claim was decided and he suggests that our holding will prevent employees from seeking additional compensation for injuries which may reveal themselves years after the accident. Our holding today does not have such an effect.

4. In Banks v. Chicago Grain Trimmers Assn., 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968), the Supreme Court held that acceptance of remittitur did not constitute a compromise requiring such approval, because the damages in such a situation were determined "not by negotiations between the employee and the third party, but rather by the independent evaluation of a trial judge." 390 U.S. at 467, 88 S.Ct. at 1145. In the instant case, no judicial evaluation took place.

While it is true that injuries for which compensation is now claimed were not apparent in 1961 when the original claim was decided, it is agreed by the parties that said injuries were the same as those sued upon in the third party litigation. Thus, at the time the settlement was entered into, the employee was fully aware of the disability for which he is now claiming compensation. We recognize that there may be significant differences between this situation and one in which an employee seeks to reopen a claim for a disability which did not become apparent until long after the settlement of the third party suit.

Finally the employee argues that the commission and Graver waived their rights to approval of the settlement. Hornback urges that because Graver was an original defendant in the suit and both Graver and the Commission were aware of the lawsuit, they should have taken affirmative steps to discover whether a settlement was imminent and then to insist upon their right to approve such a settlement.

We cannot agree that the burden rested upon Graver and the Commission to discover whether a settlement was contemplated. Graver was dismissed from the suit more than two years before the settlement was entered into. At the time the settlement was reached, Hornback's claim for compensation had been closed and neither Graver nor the Commission was in a position to know that a petition to reopen the claim was even contemplated. Control of the litigation was in the hands of Hornback, not the Commission or Graver. Had Graver actually known of the pending settlement, its silence might have constituted either an acquiescence to the settlement or a waiver of its rights. However, we do not consider that mere knowledge of the lawsuit, at a time when no workmen's compensation claim was open, constituted a waiver of any rights pertaining to approval of the settlement. See Bond Marble and Tile Office v. Rose, 322 P.2d 1063 (Okl.1958).

The opinion of the Court of Appeals is vacated and the award of the Industrial Commission is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.