532 P.2d 882

James E. HENDRY, Jr., Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Allison Steel Manufacturing Co., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1068.

Court of Appeals of Arizona, Division 1, Department C.

March 20, 1975.

Review Granted June 3, 1975.

Rabinovitz & Minker, P. C. by Bernard I. Rabinovitz, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Snell & Wilmer by James A. Honer, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel State Compensation Fund by J. Victor Stoffa, Phoenix, for respondent carrier.

## OPINION

STEVENS, Judge.

The limited issue presented is the extent of the lien under A.R.S. § 23–1023(C) on an injured workman's settlement with a third party tort-feasor.

James E. Hendry, Jr., (petitioner), on 4 November 1969, sustained a compensable industrial accident while an employee of Allison Steel Manufacturing Co. (employer). The employer is a self-rater. The petitioner filed a claim for compensation which was accepted.

The file reflects that he earned through his employment $1,261.01 during the 30 days next preceding his injury. Pursuant to A.R.S. § 23–1041 the Commission set his average monthly wage for compensation purposes at the maximum sum of $1,000.00, which would entitle him to a maximum of $650 a month compensation.

The employee accepted the benefits and compensation under the Workmen's Compensation Act. Pursuant to A.R.S. § 23–1023(C) he elected to also sue the third party tort-feasor whose negligence had caused his injury. There are no issues in relation to the timeliness of this lawsuit.

On 8 May 1972 a notice of claim status was issued specifying that the petitioner had sustained a permanent partial unscheduled disability. No hearing has been held to determine the petitioner's loss of earning capacity.

On 21 June 1972 by a formal written petition, the petitioner sought the approval of a settlement which had been reached with the third party tort-feasor. There is no dispute as to the sum necessary to repay the compensation and medical expenditures which the petitioner concedes must be repaid. There is no contest as to the reasonableness of the sums expended to effect the settlement and the collection thereof. Excluding the above sums, there remains $34,108.82 which is the center of the controversy before this Court. For convenience, this sum will be hereinafter referred to as the "net sum," although this may not be an entirely accurate designation.

In 1968, effective 1 January 1969, A.R.S. § 23–1023(C) was amended. There have been some subsequent amendments which are not material. We quote the 1968 amendment.

"C. If he [the injured workman] proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually col-

lectible from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim."

In relation to settlements we quote Rule 20 of the 1 September 1970 edition of The Industrial Commission Rules of Procedure.

"Rule 20. Settlement Agreements, Compromises and Releases

"(a) No settlement agreement, compromise, or waiver of rights of a workmen's compensation or occupational disease disability claim, will be recognized as valid unless the same is approved by the Commission.

"(b) The acceptance of any payments or the signing of a settlement agreement, compromise, release or waiver of rights, unless the same be approved by the Commission, shall not release the employer or his insurance carrier from the obligation to pay any balance which the Commission may determine to be due.

"(c) The carrier or employer shall not be entitled to a credit for any sums paid to an employee under a settlement agreement which has not been approved by the Commission."

In his petition seeking to secure the approval of the settlement the petitioner urged that the entire net sum is exempt from the lien of the employer and of the State Compensation Fund (carrier). The employer and the carrier joined together urging that the entire net sum is the subject of their lien. They urge the same position jointly before this Court.

A hearing was held to resolve these conflicting claims. The attorney for the petitioner secured a letter from the attorney for the third party tort-feasor. It outlines the basis for the settlement. It stated that the petitioner's full past and estimated future loss of earnings were considered and a dollar amount was specified. The letter recognized a specific sum for medical expenses. The letter recognized that as a part of the settlement there was an allowance for past and future pain and suffering. The letter was the only "evidence" before the hearing officer and the issues were submitted as questions of law. The employer and the carrier urge that the letter was self-serving and that the letter is not binding upon them. They chose to not controvert the contents of the letter. There was no contest as to the propriety of the settlement. The hearing officer ruled that the entire net sum is subject to the lien and on review the Commission affirmed. The matter was then brought before this Court.

Among other matters the employer and the carrier urge that without a definite formula there would be great difficulty in fixing a dollar amount of a lien as of the time of the approval of the settlement. Difficulty is nothing new in workmen's compensation cases, witness the reported cases involving the proper determination of the sum to be awarded for loss of earning capacity even though there is a partial formula. Witness the more difficult problems in fixing the average monthly wage in short term employment situations, as illustrated by Dominquez v. The Industrial Commission of Arizona, 22 Ariz.App. 578, 529 P.2d 732 (1974).

We need not lengthen this opinion by a detailed recitation of the legislative history of A.R.S. § 23–1023(C) or a detailed discussion of the Arizona case law.

Originally when an injured workman accepted compensation the act of accepting compensation constituted an assignment of his entire cause of action to those responsible for the payment of compensation. Our Supreme Court stated in Moseley v. Lily Ice Cream Company, 38 Ariz. 417, 423, 300 P. 958, 960 (1931), that "when payment under the Compensation Act is chosen by the injured employee, his *rights of every nature* against the third person pass as a matter of law to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person." (Emphasis Added). This holding was clarified by The Industrial Commission of Arizona v. Nevelle, 58 Ariz. 325, 119 P.2d 934 (1941). The Court recognized that these assigned rights were subrogation rights. The Court stated:

"We think it is clear it was not the intent of the legislature that the state, acting through the commission, was to be given the right to speculate in the misfortunes of an injured workman, and by paying perhaps a small amount under the Act gain the right to recover through the verdict of a jury a considerable profit on the transaction. * * * [I]t may recover only the amount which it has paid, or is bound to pay in the future, as the result of an award made to the employee, together with its necessary costs in the premises." 58 Ariz. at 332, 119 P.2d at 937.

This holding as to the limitations of the right of recovery in the one who is required to pay compensation remains unchanged by later statutory or case law.

In Hornback v. Industrial Commission of Arizona, 106 Ariz. 216, 474 P.2d 807 (1970), a case governed by the statutes prior to the 1968 amendment, our Supreme Court held that where an employee had ac-

cepted compensation [minimal as it was], later sued the third party tort-feasor, and thereafter effected a settlement without the approval of the party responsible for the payment of workmen's compensation, the injured employee could not, at a later date, seek to reopen the industrial claim. Ruth v. The Industrial Commission of Arizona, 107 Ariz. 572, 490 P.2d 828 (1971), recognized that with the change in the statutes an injured employee could accept compensation and at the same time sue the third party tort-feasor. In the Court of Appeals opinion in the same case [14 Ariz.App. 324, 483 P.2d 65], this Court held that private counsel who effected a third party tort-feasor recovery could not compel the Commission to bear part of the expenses of the recovery. Although the Supreme Court vacated the Court of Appeals opinion, the Supreme Court specifically approved portions of the Court of Appeals opinion. The Supreme Court stated that it accepted review basically for the purpose of discussing Art. 18, § 6 of the Constitution, A.R.S., and the constitutionality of A.R.S. § 23–1023. The constitutionality of the statute was upheld.

In the case of Liberty Mutual Insurance Company v. Western Casualty & Surety Company, 111 Ariz. 259, 527 P.2d 1091 (1974), the Supreme Court concerned itself with the jurisdiction of the Superior Court to fix the amount of the A.R.S. § 23–1023(C) lien by excluding from the recovery those elements not subject to the lien. The Court held that the trial court committed error in so doing in that the trial court had no jurisdiction to make these determinations, that jurisdiction resting with The Industrial Commission. There is an extensive historical discussion of third party problems in Henshaw v. Mays, 20 Ariz. App. 300, 512 P.2d 604 (1973).

■ The procedures followed in the case at bar avoid the earlier pitfalls. The third party tort-feasor claim was settled and the settlement was approved by the

Commission on a formal application for approval. The petitioner made an effort to submit the items of the settlement for the Commission's consideration as to the extent of the lien. The principles of subrogation in Nevelle are still viable. Out of the petitioner's earnings of $1,261.-01 per month the maximum compensation payable is $650 a month; in other words, there appears to have been elements in the settlement which reimbursed the petitioner for the additional $611.01 per month actual loss of earnings to which the employer and carrier had no just claim. Recovery for pain and suffering is not allowable through the processing of a claim for workmen's compensation and at the same time is a real item in a personal injury claim. The employer and the carrier claim in lien on that portion of the settlement which represents a recovery against the third party tort-feasor for the petitioner's pain and suffering. Again, should the carrier and employer have a lien against such elements of recovery they would, in the words of Nevelle, supra, "be given the right to speculate in the misfortunes of an injured workman." An appropriate lien will prevent double recovery by the petitioner, but it should do no more than that.

The difficulty of decision does not free the Commission from the obligation of decision. What evidence will be presented on the *de novo* presentation of the issues as to the dollar amounts of the various elements of the settlement which are not subject to the A.R.S. § 23–1023(C) lien is not present at this time for the consideration of this Court. Our discussion of wages lost and pain and suffering is illustrative only and does not preclude the consideration of other elements which possibly should be exempt from the claimed statutory lien.

The record before this Court reflects that at least a portion of the net sum belongs to the petitioner and is not the subject of the statutory lien.

The award is set aside.

NELSON, P. J., concurs.

WREN, Judge (dissenting).

I cannot agree with the Court's holding that under A.R.S. § 23–1023(C), the insurance carrier or employer does not have a lien for that part of the thirdparty recovery allocable to (1) pain and suffering, and (2) loss of wages in excess of what would be compensated for under the Workmen's Compensation Act. The decision is apparently premised on the view that since under the Act, a workmen does not have to be reimbursed for pain and suffering, White v. Industrial Commission, 87 Ariz. 154, 348 P.2d 922 (1960), upon such recovery, the carrier or employer should not be entitled to a lien thereon for future contingent liability. The same argument would apply to excess wages. The Court however, makes no reference in its decision to whether a lien can properly be imposed to provide for future contingent liability at all—even though the issue was presented to the Court on this appeal. Necessarily, it must hold that a lien for such purpose is improper for it would allow the carrier or employer to "speculate in the misfortunes of an injured workman." Yet, such a lien, I believe is certainly appropriate. In Hornback v. Industrial Commission, 11 Ariz.App. 587, 595, 466 P.2d 806, 814, vacated on other grounds 106 Ariz. 216, 474 P.2d 807 (1970), the Court stated:

> "The right of 'the person liable to pay the claim' [carrier or employer] to offset the net recovery which was received by the injured workman in the civil action, *offsetting the same against future compensation* and accident benefits to which the injured workman may be entitled under the Workmen's Compensation Act is clear. (Emphasis added).

In my opinion, the majority's view is contra to both the express language of the section and its evident intent. § 23–1023(C) provides that in an action by an injured workman against a third-party

tort-feasor, the carrier or employer has a lien "on the amount actually collectible" from the third party. There is no language in the section that either expressly or impliedly indicates that there be set off from the lien, elements that are noncompensable under the Act. To the contrary, the language of the section is inclusive, embracing all compensable *and noncompensable* elements of the third-party recovery. This construction accords with the purpose of the lien, which is to prevent double recovery by the workman for his injuries. *See* Hornback v. Industrial Commission, 106 Ariz. 216, 474 P.2d 807. The Court's decision today, will only facilitate the opposite result.

I respectfully dissent.