137 Ariz. 342 (1983)
670 P.2d 741
Shelby G. TALLEY, Petitioner,
v.
The INDUSTRIAL COMMISSION OF ARIZONA, Respondent, M & O Construction, Respondent Employer, Argonaut Insurance Company, Respondent Carrier.
No. 1 CA-IC 2809.
Court of Appeals of Arizona, Division 1, Department C.
August 16, 1983.
Rehearing Denied September 27, 1983.
*343 Law Offices of Richard E. Taylor by Richard E. Taylor, Phoenix, for petitioner.
James A. Overholt, Chief Counsel, Industrial Com'n of Ariz., Phoenix, for respondent.
Jennings, Strouss & Salmon by Ronald H. Moore, Jefferson L. Lankford, Phoenix, for respondent employer and respondent carrier.
OPINION
OGG, Judge.
This is a special action review of a February 23, 1982 Industrial Commission award which found that petitioner employee Shelby G. Talley (petitioner) had waived his right to workmen's compensation benefits for failure to comply with A.R.S. § 23-1023(C). The issue presented is whether the petitioner must forgo benefits for failure to seek carrier approval of a claim settlement arising out of a separate, nonindustrial accident, where the effects of that accident are intertwined with a prior industrial accident. We find that the administrative law judge (ALJ) improperly applied § 23-1023(C) and therefore set aside the award.
The facts pertinent to a resolution of this matter are as follows. The petitioner sustained an industrial injury on November 15, 1978 when he slipped while carrying a heavy wooden beam and hurt his back. He continued to work that day and the next day, despite pain in the low back and right leg. On November 16, 1978, the petitioner was involved in a minor nonindustrial automobile accident, in which he reinjured his back. After this second accident, the petitioner sought medical treatment for a low back condition and filed a claim for workmen's compensation benefits.
Respondent carrier, Argonaut Insurance Company, denied petitioner's claim on the ground that his medical treatment and disability were the direct result of the nonindustrial automobile accident. The petitioner timely protested and hearings were held on April 17 and June 15, 1979. On June 20, 1979, petitioner's counsel sent a demand letter to Farmers Insurance Company, the insurer of the driver involved in the November 16th accident, seeking a settlement for the $25,000 policy limit.
On July 9, 1979, a settlement for $25,000 with Farmers Insurance was finalized. Farmers Insurance was not informed that the petitioner was also seeking workmen's compensation benefits for the treatment of his low back pain. Similarly, the respondent carrier was unaware that petitioner had settled his claim against the driver and her insurance company.
On July 30, 1979, the Industrial Commission found petitioner's claim to be compensable *344 and issued an award for benefits, which was affirmed on special action review in this court in 1 CA-IC 2284. After this court issued its memorandum decision on September 4, 1980, the respondent carrier learned of petitioner's settlement with Farmers Insurance. Respondent carrier issued a notice of claim status denying responsibility for payment of compensation benefits on the ground that the petitioner had compromised a claim against a third-party tortfeasor without carrier approval.
The petitioner protested the carrier's denial of responsibility for benefits. After hearings, the ALJ issued his February 23, 1982 award denying benefits. The ALJ reasoned that § 23-1023(C) required petitioner to seek carrier approval of the settlement. As support for his findings, the ALJ relied on Hornback v. Industrial Commission, 106 Ariz. 216, 474 P.2d 807 (1970). In Hornback, our supreme court held that an employee injured while in the course and scope of his employment could not reopen his claim for additional compensation benefits after compromising a claim without approval against the third-party tortfeasor who caused the injury. The February 23rd award was affirmed on administrative review and this special action followed.
The relevant statute in this special action is § 23-1023. That section provides[1]:
§ 23-1023. Liability of third person to injured employee; election of remedies
A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.
B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof [or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.]
C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectible from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim. (Emphasis added)
Petitioner contends that § 23-1023(C) does not apply to the compromise of a claim arising out of a separate, nonindustrial accident and seeks to distinguish Hornback v. Industrial Commission, supra, on that basis. The petitioner emphasizes that in Hornback, the accident involved in the "third-party litigation" was the same accident as the "industrial accident" under the workmen's compensation proceedings.
*345 The respondent employer and carrier (respondents) argue that § 23-1023(C) applies, by its language, to "any claim", including claims physically and temporally separate from the industrial accident. Respondents' argument, however, is based upon an isolated construction of § 23-1023(C). In construing statutes, this court will look to the statute as a whole and all parts of a statute relating to the same subject will be construed together. Stuart v. Winslow Elementary School District No. 1, 100 Ariz. 375, 414 P.2d 976 (1966); State v. Standsberry, 114 Ariz. 351, 560 P.2d 1258 (App. 1976).
Ordinarily, under Arizona law, an insurance company may not be assigned an injured insured's tort claim or subrogated to the proceeds of such a claim. Allstate Insurance Co. v. Druke, 118 Ariz. 301, 576 P.2d 489 (1978); State Farm Fire and Casualty Co. v. Knapp, 107 Ariz. 184, 484 P.2d 180 (1971); Harleysville Mutual Insurance Co. v. Lea, 2 Ariz. App. 538, 410 P.2d 495 (1966). Section 23-1023 represents the legislature's abrogation of that rule in limited circumstances. See K.W. Dart Truck Co. v. Noble, 116 Ariz. 9, 567 P.2d 325 (1977).
A clear reading of § 23-1023 demonstrates that a carrier's subsection C subrogation right[2] and concomitant right to approve claim settlements are limited to and based upon the rights of "an employee entitled to compensation under this chapter" in accordance with subsection A. "An employee entitled to compensation" is one who is injured in the course and scope of his employment. A.R.S. § 23-1021. We find the plain import of § 23-1023 is to allow carrier subrogation and settlement approval rights in the limited circumstance where a third-party tortfeasor injures an employee in the course and scope of his employment.
An instructive case on this issue is Meachem v. New York Central Railroad Co., 8 N.Y.2d 293, 206 N.Y.S.2d 569, 169 N.E.2d 913 (1960). In Meachem, the New York Court of Appeals reviewed a lower court decision which reversed an award of death benefits to a claimant widow on the ground that she settled a third-party action without the consent of the self-insured employer.
The facts presented in Meachem were that the decedent Meachem was industrially injured and disabled in 1945. In 1948, Meachem was injured in a separate, nonindustrial automobile accident. Meachem died in 1948, which the workmen's compensation board found to be as a result of the industrial injury. One year later, his widow settled the third-party action against the driver of the automobile.
In construing a statute similar to § 23-1023, which provided for carrier settlement approval rights, the New York Court of Appeals stated:
The sole purpose of present subdivision 5 of section 29 is to prevent imprudent settlements of such suits by the employee or his estate to the prejudice of the employer's (or carrier's) subrogated rights. It is impossible to apply this concept to a case like the present one where the employer could not conceivably be subrogated to any rights as against the operator of the car involved in the totally unrelated automobile collision. The key word is "employee" in the very first line of section 29. It is the injury to or killing by a third person of an "employee"  that is, one at work in his employment  which brings section 29 into play. If the third party's tort is not committed while the worker is at work and so entitled to compensation, section 29 has no relevance or effect. (Emphasis added)
Id. at 297, 206 N.Y.S.2d at 573, 169 N.E.2d at 916.
We acknowledge that in Meachem there was a clear finding that Meachem's death was caused by the industrial incident alone, whereas the medical evidence in this matter indicates that petitioner's back condition was causally related to or aggravated by both the industrial incident and the automobile *346 accident. In Meachem, however, the court specifically noted that the board's finding was unnecessary to its determination that section 29 only applies to third-party tort claims arising from injuries at work.
Respondents contend, however, that under Liberty Mutual Insurance Co. v. Western Casualty & Surety Co., 111 Ariz. 259, 527 P.2d 1091 (1974), a carrier's subsection C rights extend to separate, nonindustrial claims. In that case, workers who sustained minor eye irritation at work were extensively injured by the malpractice of doctors treating the eye irritation. The supreme court held that the compensation carrier was entitled to a lien under § 23-1023(C) upon the entire recovery in the malpractice action.
Based upon Liberty Mutual Insurance Co. v. Western Casualty & Surety Co., supra, respondents theorize that if the carrier's lien applies to an action solely for a nonindustrial accident, the carrier's right to approve a compromise also applies to a nonindustrial action. In making their argument, respondents fail to recognize that a malpractice action stemming from allegedly negligent treatment of an industrial injury is not a separate, nonindustrial action. This is because an employee is entitled to workmen's compensation benefits for the consequential damages arising from negligent treatment of an industrial injury. Triste v. Industrial Commission, 25 Ariz. App. 489, 544 P.2d 706 (1976). The court in Meachem, supra, rejected the same argument as that raised by respondents and noted that the malpractice of a physician treating an industrial injury is "all part of an unbroken sequence." 8 N.Y.2d at 298, 206 N.Y.S.2d at 574, 169 N.E.2d at 916.
The respondents also argue that the prior award in this matter required the carrier to pay for the total injuries which petitioner incurred, and that therefore the carrier is entitled to the "mirror-image" right of subrogation to any recovery from the third-party tortfeasor. This court's decision affirming the prior award did not hold the carrier responsible for the effects of the separate automobile accident, but merely recognized the principle that an employee is entitled to benefits where an industrial episode is a contributing cause of the employee's condition.
Under the circumstances in this case, the doctors who testified at the hearing were unable to determine the extent of damage caused by the automobile accident and the damage caused by the industrial accident. Consequently, it is possible that the carrier's benefits would also compensate petitioner for injuries caused by or aggravated by the automobile accident. This possibility, however, does not negate the fact that the carrier is not responsible for the effects of separate accidents and has no lien or subrogation rights to a recovery against the third-party tortfeasor involved in a nonindustrial accident.
As Professor Larson noted in his discussion of "settlement consent" statutes, "[T]he term `settlement' ... does not embrace settlement of an action which, at the time it was brought, was not based upon the same facts as those supporting the compensation award." 2A Larson, The Law of Workmen's Compensation, § 74.17(b) (1982). It is clear that the action settled by petitioner against the automobile driver and her insurer was not based upon the same facts supporting the compensation award. The two events were entirely unrelated, although the effects combined to create essentially one condition.
We find that § 23-1023(C) does not apply to settlement of claims totally independent of the industrial accident and that the ALJ erred in applying subsection C in denying petitioner's claim for compensation benefits. We therefore do not consider the other issues and alternative arguments raised by petitioner.[3]
The award is set aside.
BROOKS, P.J., and HAIRE, J., concur.
NOTES
[1] Portion of subsection B appearing in brackets was added by the legislature in 1981.
[2] Arizona courts have not distinguished between statutory lien rights and subrogation interests and have treated lien rights under § 23-1023(C) as subrogation rights. Olivas v. United States, 506 F.2d 1158 (9th Cir.1974).
[3] We note, however, that petitioner has taken the position in this special action that he is not entitled to recover from both Farmers Insurance, (the driver's insurer), and respondent carrier. Petitioner asserts that, to avoid the question of double recovery, the net recovery from Farmers Insurance should be subtracted from any benefits payable under the Workmen's Compensation Act.