In the Matter of the Claim of NICHOLAS GIANNONE, Respondent, against SMITH AND HOWELL FILM SERVICE, INC., et al., Appellants, and SAINT PAUL-MERCURY INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Yorkshire Indemnity Company of New York from a decision of the Workmen's Compensation Board which held it was not entitled to reimbursement or a lien upon claimant's recovery in a third-party action, and that its consent to a reduction of the verdict in the third-party action was unnecessary. Claimant was a truck driver, and on November 17, 1947, when appellant Yorkshire was the carrier, he sustained a back injury in the course of his employment in which no third party was involved. On June 11, 1948, while in the same employment, the truck which claimant was driving was struck by another motor vehicle resulting in further back injury, necessitating an operation for a herniated intervertebral disc. At that time Saint Paul-Mercury Indemnity Company was the carrier. Claimant was disabled from December 13, 1948, until July 14, 1950. An award of compensation was made for this period and apportioned 50% against Yorkshire and 50% against Saint Paul-Mercury. Claimant brought a third-party action against the operator of the other vehicle involved in the second accident, and recovered a verdict of $20,000 which was subsequently reduced to $10,000 and netted the claimant $4,138.92. The board has allowed reimbursement and a lien to Saint Paul-Mercury from this recovery, but has held that Yorkshire was not entitled to reimbursement because it was not involved in the second accident out of which the third-party cause of action arose, and since it had no interest therein, its consent to the reduction of the verdict was unnecessary. We think the intent and spirit as well as the language of section 29 of the Workmen's Compensation Law clearly indicates that only the carrier responsible for compensation for the injury sustained in the accident which gave rise to the third-party action is entitled to reimbursement. While the second acci-

dent may have resulted in making appellants' dormant liability active, bringing about actual payments, the fact remains that appellants' only liability was for injuries sustained in the first accident when it was the carrier, and for which no recovery could be had in the third-party action. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.