◼ In the Matter of the Claim of ROBERT RUSSO, Claimant, v NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 195]—

Kane, J. Appeals from four decisions of the Workers' Compensation Board, filed August 1, 2002, January 15, 2003, May 5, 2003 and February 23, 2004, which, inter alia, held that claimant's personal injury action was not a third-party action within the meaning of Workers' Compensation Law § 29.

On October 17, 1989, claimant, a correction officer employed by the New York City Department of Correction (hereinafter the employer), injured his back in a nonwork-related motor vehicle accident. In March 1991, he commenced a personal injury action against the owners and operators of the vehicles involved in that accident. On November 3, 1991, claimant slipped and fell while at work, aggravating his back injury. As a result of the 1991 accident, claimant filed a claim for workers' compensation benefits which was established for the back injury.

In May 1995, claimant settled his personal injury lawsuit stemming from the 1989 motor vehicle accident for slightly over

$1 million. The employer, which was self- insured, consented to the settlement in a written agreement on the conditions that claimant pay the employer $27,626 in satisfaction of its $82,879.42 workers' compensation lien and that the employer preserved its right to a future offset pursuant to Workers' Compensation Law § 29 (4). Claimant agreed and forwarded the employer a check for $27,626. The employer stopped paying benefits as a result of the settlement. Claimant then raised the issue of whether the personal injury action was a third-party action within the meaning of Workers' Compensation Law § 29.

A Workers' Compensation Law Judge found that claimant's future compensation payments were subject to an offset pursuant to Workers' Compensation Law § 29 (4). The Workers' Compensation Board reversed, holding that claimant's personal injury action pertained to his 1989 motor vehicle accident and not to his 1991 compensable work-related accident. The Board held that the employer's consent was not necessary for claimant to settle that noncompensable action and, therefore, the employer was erroneously paid $27,626. The matter then vacillated between Workers' Compensation Law Judges and the Board for several years. While continuing to hold that the settlement related to the 1989 accident and the employer was not entitled to a lien or offset against that settlement pursuant to Workers' Compensation Law § 29, the Board reversed itself on whether it possessed the authority to direct the employer to refund the $27,626 paid by claimant out of the settlement proceeds, eventually determining that it could and would make such an order. The matter was continued for further development of the record regarding causally related disability, apportionment and other issues. The employer appeals.

The Board properly determined that the employer was not entitled to a lien or future offset against claimant's settlement pursuant to Workers' Compensation Law § 29 (4). An employee entitled to workers' compensation benefits for an accidental injury caused by the wrongdoing of another not in the same employ may bring a civil action against the third-party tortfeasor (see Workers' Compensation Law § 29 [1]). The employer's workers' compensation carrier or the self-insured employer is entitled to a lien against any recovery for the amount of compensation benefits and medical expenses already disbursed (see Workers' Compensation Law § 29 [1]), and the right to offset the employee's future benefits and expenses by the amount of the net recovery in the third-party action (see Workers' Compensation Law § 29 [4]). Workers' Compensation Law § 29 applies only if the third-party action relates to the compen-

sable work-related injury (*see Matter of Meachem v New York Cent. R.R. Co.*, 8 NY2d 293, 297 [1960]; *Matter of Giannone v Smith & Howell Film Serv.*, 283 App Div 976, 976-977 [1954]).

Claimant's personal injury action was not related to his compensable work-related injury. He commenced that action prior to his 1991 work-related accident and it was brought against those involved in the 1989 motor vehicle accident. Although claimant alleged in that action that he continued to suffer from injuries related to that accident after the time of the compensable injury, such allegations did not convert the action into one seeking recovery for injuries suffered in the 1991 accident. Those allegations may be applicable to apportionment of claimant's back injury, a matter on which the Board continued the case. As claimant's civil action was unrelated to the accident for which he was receiving workers' compensation benefits, it was not a third-party action under Workers' Compensation Law § 29. Contrary to the employer's arguments concerning the Board's interference with a valid contract between the employer and claimant, the parties' settlement agreement was void because claimant was statutorily precluded from waiving his right to compensation (*see* Workers' Compensation Law former § 32 [amended in 1996, after the settlement agreement]; *Matter of Jackson v Frederick Richman & Co.*, 15 NY2d 877, 879 [1965]), and in any event the consideration of a reduction of a nonexistent lien was illusory. Therefore, the employer was not entitled to a lien or offset against the settlement, and claimant erroneously paid the employer $27,626.

The Board had the authority to compel the employer to refund the $27,626 that claimant paid from his personal injury settlement. The Board is vested with "full power and authority to determine all questions in relation to the payment of claims presented to it for compensation" (Workers' Compensation Law § 20 [1]). Although the Board ultimately determined that this payment consisted of money that was not compensation because it was not recovery for a work-related injury, the issue was presented to the Board as a question of whether the payment was compensation for the established 1991 claim. Accordingly, the Board had the authority not only to determine whether it was compensation, but also to order the proper disbursement of that money.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.